IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Case No. 03-80-KI |
| | ) | (Civil Case No. 04-1884-KI) |
| vs. | ) | |
| | ) | OPINION AND ORDER |
| IAN TRAVIS ELLIOTT, | ) | |
| | ) | |
| Defendant. | ) | |

Karin J. Immergut
United States Attorney
District of Oregon
Thomas H. Edmonds
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Plaintiff

Steven Jacobson
Federal Public Defender
101 S. W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Defendant Ian Elliott pleaded guilty to the unlawful possession of an unregistered short-barreled shotgun, in violation of 26 U.S.C. § 5861(d). I sentenced him to a prison term of 33 months within a total offense level of 19. To reach this total offense level, I applied a two-level enhancement for the firearm having an obliterated serial number and a two-level enhancement for Elliott being an unlawful user of methamphetamine. These facts were neither alleged in the indictment nor admitted at the plea proceeding. I also rejected the government's contention that there should be enhancements for the firearm having been possessed in connection with another felony offense. Under the plea agreement, the government argued for a total offense level of 21.

Before the court is Elliott's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#25).

## LEGAL STANDARDS

28 U.S.C. § 2255 provides, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Under § 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255) (emphasis in the original). The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or

"are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Mejia-Mesa, 153 F.3d 925, 931 (9th Cir. 1998).

Elliott makes strictly legal arguments which do not require a hearing to resolve.

## DISCUSSION

Elliott bases his argument on a line of Supreme Court cases including In re Winship, 397 U.S. 358 (1970), Blakely v. Washington, __ U.S. __, 124 S. Ct. 2531 (2004), Ring v. Arizona, 536 U.S. 584 (2002), Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005). He separates the analysis concerning the retroactivity of the Sixth Amendment jury trial requirements in these cases from the analysis concerning the retroactivity of the Fifth Amendment requirement of proof beyond a reasonable doubt. Elliott argues that in contrast to the question of who decides, judge or jury, the standard of proof issue goes to the accuracy of the proceedings and consequently should be held to be retroactive.

As part of his plea agreement, however, Elliott waived appeal and habeas relief with the exception of a claim of ineffective assistance of counsel.

A defendant may waive a statutory right to appeal his sentence or to collaterally attack a conviction through a § 2255 motion, but an express waiver is only valid if knowingly and voluntarily made. United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), cert. denied, 520 U.S. 1132 (1997); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979 (1992). The circumstances surrounding the signing and entry of the plea agreement are considered in determining if a defendant agreed to the agreement's terms knowingly and voluntarily.

PAGE 3 - OPINION AND ORDER

Elliot contends that his waiver was involuntary and unknowing because he was not made aware of his claim outlined above due to his attorney not spotting the issue and informing him. He argues that the substantive claim and the ineffectiveness claim are intertwined and both must be addressed.

That argument could be applied to almost all of the habeas cases that I see, namely, that the attorney missed an issue or handled something incorrectly and then failed to inform the defendant of the problem. It is my practice to ensure during the plea colloquy that a defendant understands the meaning of a waiver of appeal, if that is part of the plea agreement. I am unpersuaded that Elliott's waiver is invalid.

To prevail on a claim of ineffective assistance of counsel, petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688 (1984). The question is whether there is a reasonable probability that, absent the errors, the result of the proceeding would have been different. Ortiz v. Stewart, 149 F.3d 923, 932 (9th Cir. 1998), cert. denied, 119 S. Ct. 1777 (1999). A reasonable probability is less than a preponderance of the evidence and is a probability sufficient to undermine confidence in the outcome. Kyles v. Whitley, 514 U.S. 419, 434-35 (1995); Strickland, 466 U.S. at 693, 695.

There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what "might be considered sound trial strategy." Strickland, 466 U.S. at 689. Reasonableness is judged as of the time of counsel's conduct, not in hindsight. Id. at 689-90. The petitioner must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then

determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 690.

The interpretation of "statutory maximum" by the Court in Blakely for Apprendi purposes "announced a new rule of criminal procedure that was neither compelled by existing precedent nor apparent to all reasonable jurists." United States v. Phillips, No. CR. 01-30016-HO, 2004 WL 2414819 at *2 (D. Or. Oct. 26, 2004). Thus, Elliott's argument that Apprendi dictates a different sentencing result in his case and that his counsel was ineffective for not properly invoking Apprendi at the time of sentencing is without merit.

## CONCLUSION

Elliott's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (#25) is denied.

IT IS SO ORDERED.

Dated this    8th    day of September, 2005.

                                              /s/ Garr M. King
                                              Garr M. King
                                              United States District Judge